**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN F. ROGERS,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC, a Utah Corporation, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11cv1140-LAB (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF DISMISSAL** |

　　　　Plaintiff, who is proceeding *pro se*, filed his original complaint accompanied by a motion to proceed *in forma pauperis* ("IFP"). He then filed an amended complaint on August 24. All parties instituting any civil action, suit or proceeding, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP as per 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

　　　　Plaintiff used a form IFP motion and declaration, but neglected to completely answer each question in the form. The questions Plaintiff did answer say that he works form Centium, Inc., but does not take a salary, and has no income of any kind aside from $250 a month in loans. Also, Plaintiff states that he has a checking account with Wells Fargo Bank (balance of $18), owns a car, supports no one but himself, pays gas and telephone

bills, and has no other assets. There is no showing of from whom the loans are being received, or what kind of obligation Plaintiff has to repay. Also, Plaintiff owns as a Honda outright, but provided neither a model or year, making it impossible for the Court to determine its value. Finally, Plaintiff answered that he has no other assets, but nowhere on the form does he list the value of Centium, Inc., the business he owns. Without complete answers to these questions, the Court cannot determine whether Plaintiff should be permitted to proceed IFP.

Notwithstanding payment of any filing fee, a complaint filled by any person proceeding IFP is subject to a mandatory and court-initiated review and dismissal if the Court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that this review accompanies all motions to proceed IFP, not just those made by prisoners). The Court has reviewed Plaintiff's amended complaint under this standard.

Plaintiff alleges jurisdiction based on 28 U.S.C. §§ 1331 and 1343(a). These codes grant jurisdiction to federal district courts to hear cases involving federal law and conspiracies to deprive civil rights under 42 U.S.C. § 1985 respectively. Plaintiff however has failed to state viable claims under either. First, Plaintiff alleges no civil rights violations, and therefore has failed to state a claim giving this Court jurisdiction through § 1343(a). Second, Plaintiff's third cause of action is the only allegation that Defendants violated federal law. Plaintiff's claim that the Defendants acted in conspiracy to violate the Fair Housing Act, 42 U.S.C. § 3601, however, is without merit. The Fair Housing Act protects citizens from discriminatory housing practices on the basis of race, color, religion, sex, familial status, or national origin. *See* 42 U.S.C. § 3604. Because Plaintiff does not claim discrimination upon any of these bases, he has failed to state a claim under the Fair Housing Act. The matters Plaintiff complains of — unfair rental contract terms, excessive charges to tenants, unfit living conditions, etc. — are governed by state law, not the Fair Housing Act. The complaint therefore fails to state a claim giving rise to federal question jurisdiction.

1  ///

2       Plaintiff's remaining six causes of action are questions of state contract and tort law. The Court has no supplemental jurisdiction over these claims when there is no federal question upon which it has original jurisdiction. *See* 28 U.S.C. § 1367(a). Alternatively, Plaintiff states that the Court has independent diversity jurisdiction, but he does not allege facts to support that assertion. First, it is unclear whether Plaintiff and all Defendants do not reside within the same state; indeed it is unclear where Plaintiff resides as he lists only a San Diego post office box as his address. Even assuming that the Plaintiff resides in California, and that the Defendant's Eagle Crest Apartments staff reside in Las Vegas, Plaintiff mistakenly calls Defendant Apartment Management Consultants, LLC ("AMC") a "Utah Corporation." (Compl. 1 (caption ); *see also id.* at 3:7 (referring to "corporate headquarters").) Although corporations are deemed citizens of the state (or states) where they are incorporated and where they maintain their principal places of business, 28 U.S.C. § 1332(c)(1), a limited liability company is a citizen of every state of which each of its owners or members is a citizen. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because Plaintiff has not alleged citizenship of AMC's owners or members, and because the citizenship of the various individual Defendants is not alleged, Plaintiff has not properly alleged diversity jurisdiction.

      Even if Plaintiff had shown diversity of citizenship between himself and each of the Defendants, his current claims fail to meet the amount in controversy requirement. Plaintiff asks for three types of monetary damages: disgorgement of "illegal retained deposits" from former tenants plus pre-judgment interest; civil penalties; and return of all monies Plaintiff paid as a result of Defendant's alleged fraudulent activities. First, Plaintiff cannot seek to recover any funds for former tenants other than himself because, as a *pro se* litigant, he only has the authority to represent himself. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)). Second, Plaintiff has not identified any state or federal statute under which civil penalties are authorized. Therefore, the only amounts in controversy properly alleged by

Plaintiff are those rents and deposits which he claims AMC improperly or fraudulently took from him. Plaintiff also seeks prospective injunctive relief, the value of which could be counted towards the amount in controversy. But such relief is moot and valueless to him because he has already moved out and has not shown a reasonable possibility that he will move back into a property managed by Defendants. The complaint thus does not allege amount in controversy greater than $75,000. Plaintiff has thus failed to plead diversity jurisdiction as to diversity of citizenship or amount in controversy.

Additionally, the Court may dismiss an action for improper venue on its own accord. *See Costlow v. Weeks*, 790 F.2d 1486, 1486-88 (9th Cir. 1986). While it is unclear where venue for this case would be proper (assuming any subject matter jurisdiction, which is also lacking), it is clear that venue is not proper in the Southern District of California.

Venue is proper in any district where any defendant resides, if all the defendants reside in the same state. 28 U.S.C. § 1397(a)(1) & (b)(1). Plaintiff has not alleged that all defendants reside in the same state, but, even if they did, venue would not be proper in the Southern District of California because presumably the AMC employees at Eagle Crest Apartments reside in Las Vegas, which is in the District of Nevada.

Venue is proper in a district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1397(a)(2) & (b)(2). All of the events that gave rise to Plaintiff's claims occurred at the Eagle Crest Apartments in Las Vegas, not in this district. Some of Plaintiff's claims on behalf of former residents against AMC may be based upon events in this district, but, as stated above, a *pro se* litigant is barred from bringing those claims.

Venue is proper in a district where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no other district in which the action may otherwise be brought. 28 U.S.C. § 1397(a)(3) & (b)(3). Plaintiff has not alleged that any Defendant may be found in or is subject to personal jurisdiction in this district. The closest he came to making such an allegation was stating that AMC does most of its business in the state of California. But he does not allege in what districts in California AMC does business. (*See* Compl. 3.) Additionally, this venue provision only applies when there is no other district

where the action may otherwise be brought. Venue would have been proper in the District of Nevada because the events giving rise to the claims took place there.

For these reasons, the complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may, if he wishes, file an amended complaint correcting all the defects identified in this order. He must do so no later than **21 calendar days from the date this order is issued**, and he must either pay the filing fee or file another motion to proceed IFP with all details provided. If Plaintiff does not file an amended complaint within the time permitted, the action will be dismissed without leave to amend.

If Plaintiff does amend, he must name all parties in the caption of the complaint, instead of using the designation "*et al.*," so that it is clear who the parties are. *See* Fed. R. Civ. P. 10(a). A second amended complaint that fails to comply with this rule will be rejected, which could cause Plaintiff to miss the filing deadline.

**IT IS SO ORDERED**.

DATED: September 20, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge